UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:13-CV-00072-BR

| | | |
|---|---|---|
| PATRICIA SUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| GRADY I. INGLE, | ) | |
| ELIZABETH B. ELLS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to remand for lack of subject matter jurisdiction, (DE # 8), and defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), (DE # 13).

I. BACKGROUND

On or about 20 February 2013, plaintiff, a North Carolina citizen, initiated this action in New Hanover County Superior Court, North Carolina. (Compl., DE # 1-1.) As plaintiff summarizes:

> This proceeding is brought by Plaintiff, Patricia Sutherland, to enjoin the foreclosure action which has been commenced against her, and to assert affirmative and defensive claims for relief against Defendant Wells Fargo due to the illegal and tortious conduct of Defendant Wells Fargo in connection with the servicing of Plaintiff's government-insured mortgage loan. Additionally, Plaintiff alleges claims for relief herein in defense and recoupment to the debt for which Defendant Wells Fargo seeks collection through the foreclosure proceeding. Pursuant to specific language within Plaintiff's Promissory Note and Deed of Trust, Defendant

> Wells Fargo was and is required to apply specific loss mitigation treatment to Plaintiff's loan for the purpose of providing her with every reasonable opportunity to avoid foreclosure prior to initiating formal foreclosure proceedings. Defendant Wells Fargo failed to follow these mandatory loss mitigation measures and instead breached the provisions in Plaintiff's Promissory Note and Deed of Trust by commencing foreclosure proceedings against Plaintiff and failing to offer loss mitigation assistance . . . .

(Id. ¶ 1.) Plaintiff asserts the following claims against Wells Fargo under North Carolina law: breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, constructive fraud, unfair and deceptive trade practices, fraud, and negligent misrepresentation. (Id. ¶¶ 144-212.) Plaintiff additionally asserts claims under North Carolina law for preliminary injunctive relief and equitable estoppel against Wells Fargo *and* the substitute trustees of the subject deed of trust, defendants Grady I. Ingle and Elizabeth B. Ells. (Id. ¶¶ 4, 213-29.) In addition to injunctive relief, plaintiff seeks declaratory and monetary relief. (Id., Prayer for Relief.)

On 15 April 2013, Wells Fargo removed the action to this court. (Not., DE # 1.) On 14 May 2013, plaintiff filed the motion to remand. On 20 May 2013, Wells Fargo filed the motion to dismiss. On 16 July 2013, the court, on plaintiff's unopposed motion, stayed all discovery proceedings pending resolution of the instant motions. (DE # 25.)

## II. DISCUSSION

The court is obligated to first consider its subject matter jurisdiction before considering whether plaintiff has stated a claim pursuant to Rule 12(b)(6). See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. . . . The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without

2

exception." (quotations, citations, and alteration omitted)). Plaintiff contends that Wells Fargo improperly removed this case from state court and seeks remand and an award of costs and expenses pursuant to 28 U.S.C. § 1447(c). Wells Fargo, as the removing party, bears the burden of proving the existence of subject matter jurisdiction. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). It contends that the court possesses both diversity jurisdiction under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331. The court examines each basis in turn.

A.   Diversity Jurisdiction

"In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." Owens–Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 2004). Wells Fargo recognizes that defendants Ingle and Ells, like plaintiff, are citizens of North Carolina. (Resp., DE # 20, at 1.) However, it urges the court to disregard this fact based on the doctrine of fraudulent joinder.

"The fraudulent joinder doctrine provides an exception to the complete diversity requirement." E.D. ex rel. Dancy v. Pfizer, Inc., 722 F.3d 574, 578 (4th Cir. 2013).

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either:
> [T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or
> [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.
> The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief

3

need be asserted.

Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993) (emphasis and alterations in original) (citations omitted). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted).

Wells Fargo does not suggest that there has been fraud on the part of plaintiff. Rather, it contends that plaintiff's complaint is inadequate to establish any cause of action against the substitute trustee defendants. (See Resp., DE # 20, at 7-9.) Specifically with respect to these nondiverse defendants, plaintiff alleges that on 27 June 2012, the defendants, as agents of Wells Fargo and substitute trustees, initiated a foreclosure proceeding against plaintiff's home in North Carolina state court based on a mortgage and deed of trust plaintiff had executed and based on N.C. Gen. Stat. § 45-21.16.[1] (Compl., DE # 1-1, ¶ 70; Mem., DE # 9, at 1.) One day later, the Appointment of the defendants as substitute trustees of the deed of trust was filed with the New Hanover County Register of Deeds. (Compl., DE # 1-1, ¶ 71 & Ex. L.) That Appointment was

---

[1]This statute authorizes foreclosure under a deed of trust containing a power of sale. See N.C. Gen. Stat. § 45-21.16(a).

> At a foreclosure hearing pursuant to N.C. Gen. Stat. § 45–21.16, the clerk of superior court is limited to making the six findings of fact specified under subsection (d) of that statute: (1) the existence of a valid debt of which the party seeking to foreclose is the holder; (2) the existence of default; (3) the trustee's right to foreclose under the instrument; (4) the sufficiency of notice of hearing to the record owners of the property; (5) the sufficiency of pre-foreclosure notice under section 45–102 and the lapse of the periods of time established by Article 11, if the debt is a home loan as defined under section 45–101(1b); and (6) the sale is not barred by section 45–21.12A. The clerk's findings are appealable to the superior court for a hearing de novo; however, in a section 45–21.16 foreclosure proceeding, the superior court's authority is similarly limited to determining whether the six criteria of N.C. Gen. Stat. § 45–21.16(d) have been satisfied. The superior court "has no equitable jurisdiction and cannot enjoin foreclosure upon any ground other than the ones stated in [N.C. Gen.Stat. §] 45–21.16."

In re Foreclosure of Real Property Under Deed of Trust from Young, 744 S.E.2d 476, 479 (N.C. Ct. App. 2013) (citations omitted) (alteration in original).

4

executed by Wells Fargo's attorney-in-fact purportedly pursuant to a 14 July 2005 Limited Power of Attorney. (Id. ¶ 72 & Exs. L, M.) Plaintiff alleges that because Wells Fargo had no rights or legal interest in plaintiff's mortgage at the time of the execution of the Limited Power of Attorney,[2] the subsequent "attempted" appointment of the substitute trustees was without authority, and therefore, the substitute trustees did not lawfully initiate the foreclosure proceeding. (See id. ¶¶ 74-77.) Plaintiff seeks to enjoin the sale of her home based on this purported lack of authority (as well as Wells Fargo's purported failure to follow certain loss mitigation measures as required by the terms of the mortgage and deed of trust). (Id. ¶¶ 214-15.) For the same reason, and based on Wells Fargo's allegedly intentionally inducing plaintiff to miss a loan payment, which caused the default on the loan and in turn the initiation of the foreclosure proceeding, plaintiff claims all defendants should be equitably estopped from selling plaintiff's home. (Id. ¶¶ 222-29.)

To determine whether these allegations could establish any claim for relief against the nondiverse substitute trustees, the court looks to North Carolina law. See McFadden v. Fed. Nat'l Mortg. Ass'n, No. 12-1125, 2013 WL 2151199, at *4-6 & n.5 (4th Cir. May 20, 2013) (where the defendants raised fraudluent joinder in response to the plaintiffs' motion to remand, analyzing Virginia law to determine whether the homeowner plaintiffs would be able to establish a right to relief against the substitute trustee). Plaintiff seeks injunctive relief against these defendants pursuant to N.C. Gen. Stat. § 45-21.34. (Compl., DE # 1-1, ¶ 6.) That statute provides in relevant part that:

>Any owner of real estate, or other person, firm or corporation

---

[2]According to plaintiff, Wells Fargo did not acquire the servicing rights to plaintiff's mortgage until 31 July 2006. (Compl., DE # 1-1, ¶¶ 13, 75.)

> having a legal or equitable interest therein, may apply to a judge of
> the superior court, prior to the time that the rights of the parties to
> the sale or resale becoming fixed pursuant to G.S. 45-21.29A to
> enjoin such sale, upon the ground that the amount bid or price
> offered therefor is inadequate and inequitable and will result in
> irreparable damage to the owner or other interested person, or
> upon any other legal or equitable ground which the court may
> deem sufficient . . . .

N.C. Gen. Stat. § 45-21.34. This statute permits a mortgagor, such as plaintiff, to raise legal and equitable defenses to foreclosure (which she could not raise in the foreclosure proceeding itself) in a separate action to enjoin the sale. See Young, 744 S.E.2d at 480 ("The [foreclosure] hearing afforded under N.C. Gen. Stat. § 45–21.16 was not intended to settle all matters in controversy between mortgagor and mortgagee[.] Rather, for all other 'matters,' a party may seek relief under N.C. Gen. Stat. § 45–21.34 where the court's jurisdiction is much broader. Therefore, [i]f respondents feel that they have equitable defenses to the foreclosure, they should be asserted in an action to enjoin the foreclosure sale under [N.C. Gen. Stat. §] 45–21.34." (most alterations in original) (citations and quotations omitted)). Equitable estoppel is a defense which may be raised in an action to enjoin the foreclosure sale. Id.

Wells Fargo contends that plaintiff's claims are not viable because it is the only proper party to whom the claims are directed. (See Resp., DE # 20, at 8.) The court disagrees. The statute pursuant to which plaintiff seeks injunctive relief contemplates that the trustee, among others, may be enjoined. See N.C. Gen. Stat. § 45-21.34 ("[T]he court or judge enjoining such sale . . . shall, as a condition precedent, require of the plaintiff or applicant such bond or deposit as may be necessary to indemnify and save harmless the . . . trustee against costs, depreciation, interest and other damages . . . ."). Furthermore, because the foreclosure sale remains pending,

6

legal title to the subject property remains in the substitute trustees,[3] see Sprouse v. N. River Ins. Co., 344 S.E.2d 555, 559 (N.C. Ct. App. 1986) ("The deed of trust results in legal title to the property being in the trustee. In a foreclosure title remains in the trustee until he conveys it to the high bidder."), and arguably, they are necessary parties, see N.C. Gen. Stat. § 45-45.3(c) ("Except in matters relating to the foreclosure of the deed of trust or the exercise of a power sale under the terms, the trustee is neither a necessary nor a proper party to any civil action or proceeding . . . ."); Crispin v. BAC Home Loans Servicing, LP, No. 5:11-CV-375-FL, 2011 WL 6294319, at *3 n.3 (E.D.N.C. Dec. 15, 2011) (rejecting the substitute trustee defendant's argument that it should be dismissed from the action, which included a cause of action to enjoin foreclosure under § 45-21.34, on the ground that the substitute trustee was not mentioned frequently in the complaint as "it is a necessary party to any suit to enjoin foreclosure"). Plaintiff has alleged wrongdoing on the part of the substitute trustees, that is, initiating the foreclosure proceeding without legal authority.[4] Plaintiff's allegations give rise to the possibility that she could establish a claim for injunctive relief against the substitute trustees. Accordingly, the court will not disregard their citizenship. Because diversity between plaintiff and the substitute trustees is lacking, subject matter jurisdiction does not exist under 28 U.S.C. § 1332.

B.  Federal Question Jurisdiction

Alternatively, Wells Fargo argues that the court possesses subject matter jurisdiction

---

[3]Incidentally, this fact distinguishes this case from McFadden, on which Wells Fargo relies. See 2013 WL 2151199, at *5 (holding that the homeowner plaintiffs could not have prevailed on their quiet title claim against the substitute trustee because the foreclosure sale had divested the substitute trustee of title and the trustee was properly appointed).

[4]This allegation provides another basis for distinguishing this case from McFadden, See 2013 WL 2151199, at *6 (holding that the plaintiffs lacked any possibility of prevailing on their equitable relief claim to set aside the foreclosure sale because their allegations supporting the claim did not reference the substitute trustee or its role in the sale).

7

based on a federal question under 28 U.S.C. § 1331. As the Fourth Circuit Court of Appeals has explained:

> Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." . . . .
>
> The vast majority of lawsuits "arise under the law that creates the cause of action." Thus, [the court] must "first discern whether federal or state law creates the cause of action. . . . In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." [Where the plaintiff's cause of action was created by state] law not federal law, [the] inquiry does not end there. Instead, [the court] must determine whether this case is within the "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Thus, "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,'" but "only [if] . . . the plaintiff's right to relief necessarily depends on a substantial question of federal law." Thus, in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court.

Dixon, 369 F.3d at 816 (citations omitted) (some alterations in original).

Wells Fargo does not suggest that state law creates plaintiff's causes of action. Rather, it contends that all of plaintiff's claims necessarily depend on a substantial question of federal law. (See Resp., DE # 20, at 12-13.) "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires resolution of a federal issue." Dixon, 369 F.3d at 816-17 (emphasis in original); see also Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) ("A plaintiff's right to relief necessarily

8

depends on a question of federal law when 'it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims.' If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." (citations omitted)).

Here, Wells Fargo argues that U.S. Department of Housing and Urban Development, Federal Housing Administration's ("FHA") regulations are "the source of the duty and/or obligation elements of [plaintiff's] claims, and an interpretation of [the FHA Home Affordable Modification Program ("FHA-HAMP")[5]] is essential to evaluating Plaintiff's claims." (Resp., DE # 20, at 13.) The court disagrees. Although plaintiff's complaint is replete with references to various federal regulations, mortgagee letters, and the like, when one examines the legal theories pertaining to each claim, exclusive resort to federal law is not required.

For example, plaintiff first alleges that Wells Fargo breached the terms of the mortgage and deed of trust. (Compl., ¶¶ 144-50.) Among other things, plaintiff alleges that Wells Fargo breached these agreements by "expressly instructing Plaintiff not to make her contractual payments under the Loan terms" and "wrongfully refusing to accept payments from Plaintiff." (Id. ¶ 148.) Whether these purported breaches are actionable does not depend in any way on an

---

[5]FHA-HAMP is to be distinguished from the Home Affordable Modification Program ("HAMP"). Both programs were enacted to assist homeowners with modification of their mortgages to avoid foreclosure. However, FHA-HAMP applies to mortgages insured by the FHA, like plaintiff's, whereas HAMP applies to mortgages serviced by participating companies. See 12 U.S.C. §§ 1715u, 5219(a); http://www.makinghomeaffordable.gov/programs/lower-payments/Pages/hamp.aspx (last visited October 24, 2013); http://portal.hud.gov/hudportal/HUD?src=/hudprograms/fhahamp (last visited October 24, 2013). Different regulations/guidelines govern each program. Compare 24 C.F.R. 203, subpt. C; Mortgagee Letters 2012-22 (Nov. 16, 2012), 2009-23 (July 30, 2009), available at http://portal.hud.gov/hudportal/HUD?src=/program_offices/administration/hudclips/letters/mortgagee with 12 U.S.C. § 5219a; Handbook for Servicers of Non-GSE Mortgages (ver. 4.3, Sept. 16, 2013), available at https://www.hmpadmin.com/portal/programs/guidance.jsp.

9

interpretation of federal law.  Similarly, with her second claim, plaintiff alleges that Wells Fargo "breached its duty of good faith and fair dealing in a number of ways, including[,] but not limited to[,]" by "[i]nducing Plaintiff to skip contractual payments and pay reduced payments, causing the Loan to become contractually delinquent."  (Id. ¶ 154.)  The court does not need to look to federal law to evaluate this claim.  As to each of plaintiff's nine claims, at least one legal theory based on state law supports the claim; in other words, the legal theories supporting plaintiff's claims do not rest exclusively on federal law.  Therefore, plaintiff's claims do not necessarily depend on a question of federal law, and jurisdiction does not exist under § 1331.  See Simpkins v. Suntrust Mortg., Inc., Civil Action No. 2:12cv262, 2013 WL 1966904, at *6-7 (E.D. Va. May 7, 2013) (granting the plaintiff's motion to remand for lack of federal question jurisdiction even thought plaintiff's state law claims for breach of duty of good faith and fair dealing and for breach of deed of trust referenced HAMP procedures and guidelines).

     Finally, the court addresses Wells Fargo's contention that the court must determine whether federal law precludes plaintiff's claims.  (See Resp., DE # 20, at 14 ("Consistent with Wells Fargo's Motion to Dismiss, this Court must first decide whether federal law precludes Plaintiff's alleged state law claims in toto.").)  In this regard, Wells Fargo asserts that none of plaintiff's claims are viable because they rely wholly on violations of FHA-HAMP, which itself does not provide a private right of action.  (Mem. Supp. Mot. Dismiss, DE # 14, at 4, 6-15.)  This argument amounts to the assertion of the defense of conflict preemption, which, in contrast to complete preemption, cannot provide a basis for removal.  See Lontz v. Tharp, 413 F.3d 435, 440-41, 442 (4th Cir. 2005) (explaining the difference between complete preemption, whereby a state law claim is deemed to actually be a federal claim, and conflict or ordinary preemption,

which "simply declares the primacy of federal law," and recognizing that "the sine qua non of complete preemption is a pre-existing *federal* cause of action that can be brought in the district courts" (emphasis in original)). Because this defense is not intertwined with Wells Fargo's jurisdictional argument, the court declines to address it.

III. CONCLUSION

Neither diversity nor federal question jurisdiction exists, and therefore, plaintiff's motion to remand is ALLOWED. Defendant Wells Fargo's motion to dismiss is DENIED as moot. This case is REMANDED to New Hanover County Superior Court. The Clerk is DIRECTED to send a copy of this order to the Clerk of that court and close this case. The court declines to award plaintiff any costs or expenses.

This 29 October 2013.

_____
W. Earl Britt
Senior U.S. District Judge

11

Case 7:13-cv-00072-BR   Document 26   Filed 10/29/13   Page 11 of 11